**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| NICHOLAS M. SANTIAGO<br>3815 1st Street<br>Philadelphia, PA 19124<br><br>Plaintiff,<br><br>v.<br><br>SEVEN SEAS INTERNATIONAL, LLC<br>5101 South Broad Street<br>Philadelphia, PA 19112<br>and<br>HANWHA PHILLY SHIPYARD, INC.<br>2100 Kitty Hawk Avenue<br>Philadelphia, PA 19112<br><br>Defendants. | CIVIL ACTION<br><br>NO.: ____________________<br><br>**JURY TRIAL DEMANDED** |

**CIVIL ACTION COMPLAINT**

Nicholas M. Santiago (hereinafter referred to as "Plaintiff," unless indicated otherwise) by and through her undersigned counsel, hereby avers as follows:

**INTRODUCTION**

1. Plaintiff has initiated this action to redress violations by Seven Seas International, LLC and Hanwha Philly Shipward, Inc. (hereinafter collectively referred to as "Defendants") of the Americans with Disabilities Act, as amended ("ADA" - 42 USC §§ 12101 *et. seq*.) and the Philadelphia Fair Practices Ordinance ("PFPO"). As a direct consequence of Defendants' unlawful actions, Plaintiff seeks damages as set forth herein.

**JURISDICTION AND VENUE**

2. This Court has original subject matter jurisdiction over the instant action pursuant to 28 U.S.C. §§ 1331 and 1343(a)(4) because it arises under the laws of the United States and seeks

redress for violations of federal laws. There lies supplemental jurisdiction over Plaintiff's state-law claims because they arise out of the same common nucleus of operative facts as Plaintiff's federal claims asserted herein.

3. This Court may properly assert personal jurisdiction over Defendants because their contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over Defendants to comply with traditional notions of fair play and substantial justice, satisfying the standard set forth by the United States Supreme Court in *Int'l Shoe Co. v. Washington*, 326 U.S. 310 (1945), and its progeny.

4. Pursuant to 28 U.S.C. § 1391(b)(1) and (b)(2), venue is properly laid in this district because Defendants are deemed to reside where they are subjected to personal jurisdiction, rendering Defendants residents of the Eastern District of Pennsylvania.

5. Plaintiff is proceeding herein (in part) under the ADA after properly exhausting all administrative remedies with respect to such claims by timely filing a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") and by filing the instant lawsuit within ninety ("90") days of receiving a notice of dismissal and/or right to sue letter from the EEOC.

6. Plaintiff has properly exhausted his administrative remedies regarding his PFPO claims by dual-filing his Charge of Discrimination with the PCHR and receiving a Dismissal and Notice of Rights from the PCHR since the filing before asserting his PFPO claims.

**PARTIES**

7. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

8. Plaintiff is an adult individual with an address as set forth in the caption.

9. Defendant Hanwha Philly Shipyard, Inc. (hereinafter individually referred to as "Defendant Hanwha"), is a major commercial and government shipbuilder located at the above-captioned address, that contracted with Defendant Seven Seas International, LLC to provide workers. At all times relevant herein, Plaintiff worked at this facility.

10. Defendant Seven Seas International, LLC (hereinafter "Defendant Seven Seas"), is a multi-national corporation headquartered in Milwaukee, Wisconsin offering staffing, administrative, support, professional, and business services through several states in the United States (including Pennsylvania), with a location at the above-captioned address.

11. Plaintiff was placed by Defendant Seven Seas to work within Defendant Hanwha, and although Plaintiff was hired and paid through Defendant Seven Seas, Plaintiff was treated in all functional respects like an employee while working within Defendant Hanwha. Defendant Hanwha's management had the ability to manage Plaintiff, discipline Plaintiff, give directive to Plaintiff, and make decisions regarding Plaintiff's employment. Plaintiff was permitted to address his work concerns with Defendant Hanwha's management and was obligated to follow the policies of Defendant Hanwha. Thus, for the foregoing reasons, Defendants may be treated as a single and/or joint employer for purposes of the instant action.

12. At all times relevant herein, Defendants acted by and through their agents, servants and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for the Defendants.

**FACTUAL BACKGROUND**

13. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

14. Plaintiff was hired by Defendant Seven Seas on or about May 11, 2021, and placed to work within Defendant Hanwha off and on, at the above-captioned Defendant Hanwha location,

initially as a laborer.

15. Plaintiff's most recent term of employment with Defendants began on November 11, 2022.

16. Plaintiff was primarily supervised by Defendant Seven Seas' Supervisor, Matthew Shibin (hereinafter "Shibin"), Defendant Seven Seas' Manager, Sudisha Nayak (hereinafter "Nayak"), and Defendant Hanwha's Foreman, Tony Deleon (hereinafter "Deleon").

17. Throughout Plaintiff's almost 4-year tenure with Defendants, he was a hard-working employee who performed his job very well.

18. In fact, Plaintiff was made a Supervisor by Defendant Hanwha's Product Manager/Dock Manager, Brian Vocke (hereinafter "Vocke") in or about January of 2025.

19. Plaintiff has and continues to suffer from ADA-qualifying disabilities, including but not limited to dyslexia and asthma (among other complications/conditions).

20. As a result of his aforesaid health conditions, Plaintiff suffers from shortness of breath, chest pain, and reading and writing issues (as he can sometimes transpose numbers and letters), which (at times) interferes with his ability to perform some daily life activities, such as breathing normally, reading, writing, and working (among other daily life activities).

21. Despite his aforesaid health conditions and limitations, Plaintiff was able to perform his job duties well; however, he (at times) requires some reasonable accommodations, such as the ability to use an inhaler as necessary, time off as needed for asthma flare-ups, and some occasional patience/assistance with some computer and/or written work.

22. Deleon, however, exhibited extreme frustration with Plaintiff's disabilities and/or need for accommodations.

23. For example, Deleon routinely mocked Plaintiff for his occasional computer struggle, after which he informed Deleon that he had dyslexia.

24. Instead of then understanding or empathizing with Plaintiff's disabilities, however, Deleon became more mocking, harassing, and outright discriminatory toward Plaintiff, particularly after Plaintiff became a supervisor in January of 2025. By way of example, but not intended to be an exhaustive list, Deleon:

a. Tried to issue Plaintiff a random "reading test," after which Deleon would tell him that he should dock Plaintiff's pay as a result of his disabilities;

b. Called Plaintiff "retarded" in front of other employees;

c. Referred to Plaintiff as a "bitch" on more than one occasion in front of other employees;

d. Hostilely informed Plaintiff that he was not taking the job seriously because of his disabilities;

e. Routinely bashed or berated Plaintiff in front of other employees for no legitimate reason; and

f. Selectively enforced policies against Plaintiff.

25. Notably, other employees had no problem with Plaintiff or his work, with Vocke specifically advising Plaintiff that as long as he could understand English, he was fine.

26. Plaintiff objected to the aforementioned instances of discrimination and hostility to Deleon on more than one occasion, including that he thought Deleon's comments were offensive and that he should stop. However, the behavior continued unabated.

27. Plaintiff also complained to Vocke, who simply said that Deleon "was just breaking [Plaintiff's] balls" – without taking any remedial action to curtail Deleon's discriminatory behavior.

28. As a result, in or about November of 2023, Plaintiff made an anonymous complaint to Defendant Hanwha's ethics hotline, in which Plaintiff identified Deleon's harassment and that

Plaintiff suffered from dyslexia, but his concerns were never addressed – even though it was obvious that Plaintiff was the reporter.

29. In fact, Defendant Hanwha's HR representative, Sophie Bierly (hereinafter "Bierly") helped Plaintiff to draft the complaint and send it through the ethics helpline as a result of Plaintiff's dyslexia.

30. Thereafter, Deleon retaliated against Plaintiff after filing his ethics complaint, stating "you know I have ways of finding out when anyone files a report against me, right."

31. Plaintiff further complained to Shibin and Nayak about Deleon's discriminatory behavior, but they simply advised Plaintiff not to make a big deal out of it and do his job, or he might get terminated from Defendant Hanwha – thereby failing to address Plaintiff's complaints on their end as well.

32. In addition to the foregoing, throughout his tenure with Defendants, Plaintiff also took a few days off here and there for flare-ups of his asthma, particularly when he was congested and could barely function when his breathing was limited.

33. For example, on or about October 31, 2024, Plaintiff needed to call out of work to go to the emergency room, as he woke up with his chest heaving and had run out of albuterol and could barely breathe.

34. Deleon was extremely irritated and harassed Plaintiff about his need to take time off for his health conditions.

35. Unlike Plaintiff's non-disabled counterparts, Deleon routinely denied Plaintiff the ability to take leave for medical issues, including for Plaintiff's wisdom tooth growing in sideways, causing his face to swell up and induce severe pain, while other non-disabled individuals were not given push back about taking time off for vacation or otherwise.

36. Plaintiff continued to object to Deleon's behavior leading up to his unlawful termination on or about February 11, 2025, at which time an employee of Defendant Seven Seas called Plaintiff while he was on vacation to tell his that he was not in the system anymore, and it looked like he had been terminated.

37. Plaintiff then called Shibin on or about February 13, 2025, to confirm whether Plaintiff had been terminated, and Shibin informed Plaintiff that Defendant Hanwha's management had stated that his services were no longer needed.

38. However, it was not until the end of Plaintiff's vacation, on or about February 25, 2025, that he was brought into Defendant Seven Seas' office and advised that he had been terminated for allegedly "duplicating the key for the golf cart without authorization" – which was patently untrue and completely pretextual.

39. Rather, another Foreman had taken the only key home with him to the golf cart one day and would not be back to work until that Monday.

40. So, Plaintiff told Vocke that he could get a spare key from Jim (last name unknown, hereinafter "Jim"), who works with United Rental (who handles all equipment in the yard including golf carts), and then Defendant Hanwha could have a spare key on hand in the future. Vocke and others in the office at that time agreed with Plaintiff's plan to obtain the spare key.

41. Nonetheless, Plaintiff was still terminated by Defendant Hanwha and informed that Defendant Seven Seas was terminating him as well.

42. Prior to Plaintiff's termination, Defendant Hanwha failed to properly accommodate Plaintiff by (1) berating him and issuing him pretextual discipline for requesting reasonable medical accommodations, including but not limited to assistance with reading, writing, and computer work, as well as intermittent time off for his aforesaid health conditions; (2) failing to provide him intermittent time off as needed for his aforesaid health conditions and/or penalizing

him after utilizing the same; and (3) considering his disabilities and requested accommodations in making the decision to terminate him.

43. Plaintiff believes and therefore avers that Defendant Hanwha discriminated against him, subjected him to a hostile work environment, retaliated against him, and terminated him because of (1) his actual/perceived/record of health conditions; (2) his requested accommodations; (3) his expressed concerns of unfair treatment as a result of his disabilities; and (4) Defendant Hanwha's failure to properly accommodate his health conditions (set forth *supra*).

44. Plaintiff further believes and therefore avers that Defendant Seven Seas discriminated and retaliated against him, terminated him, and has not hired, rehired, assigned or placed him in any other comparable or realistic jobs/assignments because of (1) his actual/perceived/record of health conditions; (2) his requested accommodations; and (3) his expressed complaints of unfair treatment regarding his health conditions and reasonable accommodations.

45. Finally, Plaintiff also believes and therefore avers that his disabilities were motivating and/or determinative factors in the termination of his employment with Defendants.

**COUNT I**
**<u>Violations of the Americans with Disabilities Act, as Amended ("ADA")</u>**
**([1] Actual/Perceived/Record of Disability Discrimination; [2] Retaliation; [3] Hostile Work Environment; and [4] Failure to Accommodate)**
**-Against Defendant Hanwha -**

46. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

47. Plaintiff suffered from qualifying health conditions under the ADA which affected his ability (at times) to perform some daily life activities.

48. Plaintiff kept Defendant Hanwha's management informed of his serious medical conditions and need for medical treatment and other accommodations.

49. Despite Plaintiff's aforementioned health conditions and limitations, he was still able to perform the duties of his job well with Defendant Hanwha; however, Plaintiff did require some reasonable medical accommodations at times.

50. Plaintiff requested reasonable accommodations from Defendant Hanwha, including but not limited to the use of an inhaler, some patience/assistance with written and/or computer work, and intermittent time off as needed to care for and treat his serious health conditions (as discussed in detail *supra*).

51. Plaintiff was subjected to discrimination and a hostile work environment through disparate treatment and demeaning and/or derogatory treatment because of his aforesaid health conditions and requested accommodations.

52. Plaintiff complained of the discrimination and hostile work environment he was being subjected to as a result of his health conditions and reasonable accommodations, but his concerns were ignored.

53. Instead, Plaintiff was terminated from Defendant Hanwha shortly after requesting and/or utilizing reasonable accommodations (*i.e.,* intermittent medical leave) and his expressed complaints of unfair treatment regarding his disabilities.

54. Prior to Plaintiff's termination, Defendant Hanwha failed to properly accommodate Plaintiff by (1) berating him and issuing him pretextual discipline for requesting reasonable medical accommodations, including but not limited to assistance with reading, writing, and computer work, as well as intermittent time off for his aforesaid health conditions; (2) failing to provide him intermittent time off as needed for his aforesaid health conditions and/or penalizing him after utilizing the same; and (3) considering his disabilities and requested accommodations in making the decision to terminate him.

55. Plaintiff believes and therefore avers that Defendant Hanwha discriminated against him, subjected him to a hostile work environment, retaliated against him, and terminated him because of (1) his actual/perceived/record of health conditions; (2) his requested accommodations; (3) his expressed concerns of unfair treatment as a result of his disabilities; and (4) Defendant Hanwha's failure to properly accommodate his health conditions (set forth *supra*).

56. Finally, Plaintiff also believes and therefore avers that his disabilities were motivating and/or determinative factors in the termination of his employment with Defendant Hanwha.

57. These actions as aforesaid constitute violations of the ADA.

**COUNT II**
**Violations of the Philadelphia Fair Practices Ordinance ("PFPO")**
**([1] Actual/Perceived/Record of Disability Discrimination; [2] Retaliation; [3] Hostile Work Environment; and [4] Failure to Accommodate)**
**-Against Defendant Hanwha-**

58. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

59. Plaintiff properly exhausted his administrative remedies regarding his PFPO claims because he timely filed a charge of discrimination with the PCHR and received a Dismissal and Notice of Rights from the PCHR before asserting his PFPO claims.

60. The aforesaid allegations also constitute violations of the PFPO. Thus, Plaintiff's PFPO claims mirror the claims as set forth in Count I.

**COUNT III**
**Violations of the Americans with Disabilities Act, as Amended ("ADA")**
**([1] Actual/Perceived/Record of Disability Discrimination; [2] Retaliation; [3] Hostile Work Environment; and [4] Failure to Hire/Rehire)**
**-Against Defendant Seven Seas-**

61. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

62. Plaintiff suffered from qualifying health conditions under the ADA which affected his ability (at times) to perform some daily life activities.

63. Defendant Seven Seas was aware of Plaintiff Hanwha's serious medical conditions and need for medical treatment and other accommodations.

64. Plaintiff complained to Defendant Seven Seas of the discrimination and hostile work environment he was being subjected to as a result of his health conditions and reasonable accommodations during his placement with Defendant Hanwha, but his concerns were ignored.

65. Plaintiff was terminated from Defendant Seven Seas shortly after complaining of unfair treatment by Defendant Hanwha as a result of his disabilities and requests for reasonable accommodations.

66. Following notification to Defendant Seven Seas, more specifically, Shibin and Nayak, of the unfair treatment that he received from Defendant Hanwha as a result of his disabilities and requested accommodations, Plaintiff was terminated and has not been hired, rehired, assigned, or placed in any other comparable or realistic jobs/assignments by Defendant Seven Seas.

67. Plaintiff believes and therefore avers that Defendant Seven Seas discriminated and retaliated against him, terminated him, and has not hired, rehired, assigned, or placed him in any other comparable or realistic jobs/assignments because of (1) his actual/perceived/record of health conditions; (2) his need for accommodations; and (3) in retaliation for his expressed complaints of unfair treatment by Defendant Hanwha because of his disabilities and requested accommodations.

68. These actions as aforesaid constitute violations of the ADA.

**COUNT IV**
**Violations of the Philadelphia Fair Practices Ordinance ("PFPO")**
**([1] Actual/Perceived/Record of Disability Discrimination; [2] Retaliation; [3] Hostile Work Environment; and [4] Failure to Accommodate)**
**-Against Defendant Seven Seas-**

69. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

70. Plaintiff properly exhausted his administrative remedies regarding his PFPO claims because he timely filed a charge of discrimination with the PCHR and received a Dismissal and Notice of Rights from the PCHR before asserting his PFPO claims

71. The aforesaid allegations also constitute violations of the PFPO. Thus, Plaintiff's PFPO claims mirror the claims as set forth in Count III.

**WHEREFORE**, Plaintiff prays that this Court enter an Order providing that:

A. Defendants are to promulgate and adhere to a policy prohibiting discrimination and retaliation in the future against any employee(s);

B. Defendants are to compensate Plaintiff, reimburse Plaintiff, and make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendants' illegal actions, including but not limited to back pay, front pay, salary, pay increases, bonuses, insurance, benefits, training, promotions, reinstatement and seniority;

C. Plaintiff is to be awarded punitive damages, as permitted by applicable law, in an amount believed by the Court or trier of fact to be appropriate to punish Defendants for their willful, deliberate, malicious and outrageous conduct and to deter Defendants or other employers from engaging in such misconduct in the future;

D. Plaintiff is to be accorded other equitable and legal relief as the Court deems just, proper and appropriate (including but not limited to damages for emotional distress, pain, suffering and humiliation);

E. Plaintiff is to be awarded the costs and expenses of this action and reasonable attorney's fees as provided by applicable federal and state law; and

F. Plaintiff is to be given a jury trial as demanded in the caption of this Complaint.

Respectfully submitted,

**KARPF, KARPF & CERUTTI, P.C.**

By: ______________________

Ari R. Karpf, Esq. (Attn. No. 91538)
8 Interplex Drive, Suite 210
Feasterville-Trevose, PA 19053
(215) 639-0801
akarpf@karpf-law.com

Dated: November 2, 2026

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

# CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| Nicholas Santiago | : | CIVIL ACTION |
| v. | : | |
| Seven Seas International, LLC, et al. | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255. ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits. ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2. ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos. ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.) ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks. (x )

| 11/2/2026 | | Plaintiff |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** |
| 215-639-0801 | 215-639-4970 | akarpf@karpf-law.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**DESIGNATION FORM**

Place of Accident, Incident, or Transaction: Defendants place of business

***RELATED CASE IF ANY:*** Case Number:______________________ Judge:________________________________

1. Does this case involve property included in an earlier numbered suit? Yes ☐
2. Does this case involve a transaction or occurrence which was the subject of an earlier numbered suit? Yes ☐
3. Does this case involve the validity or infringement of a patent which was the subject of an earlier numbered suit? Yes ☐
4. Is this case a second or successive habeas corpus petition, social security appeal, or pro se case filed by the same individual? Yes ☐
5. Is this case related to an earlier numbered suit even though none of the above categories apply? If yes, attach an explanation. Yes ☐

I certify that, to the best of my knowledge and belief, the within case ☐ **is** / ☒ **is not** related to any pending or previously terminated action in this court.

**Civil Litigation Categories**

*A.* ***Federal Question Cases:***

☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts)
☐ 2. FELA
☐ 3. Jones Act-Personal Injury
☐ 4. Antitrust
☐ 5. Wage and Hour Class Action/Collective Action
☐ 6. Patent
☐ 7. Copyright/Trademark
☐ 8. Employment
☐ 9. Labor-Management Relations
☒ 10. Civil Rights
☐ 11. Habeas Corpus
☐ 12. Securities Cases
☐ 13. Social Security Review Cases
☐ 14. Qui Tam Cases
☐ 15. Cases Seeking Systemic Relief ***see certification below***
☐ 16. All Other Federal Question Cases. *(Please specify)*:____________________

**B.** ***Diversity Jurisdiction Cases:***

☐ 1. Insurance Contract and Other Contracts
☐ 2. Airplane Personal Injury
☐ 3. Assault, Defamation
☐ 4. Marine Personal Injury
☐ 5. Motor Vehicle Personal Injury
☐ 6. Other Personal Injury (*Please specify*):______________
☐ 7. Products Liability
☐ 8. All Other Diversity Cases: *(Please specify)*______________

I certify that, to the best of my knowledge and belief, that the remedy sought in this case ☐ **does** / ☒ **does not** have implications beyond the parties before the court and ☐ **does** / ☒ **does not** seek to bar or mandate statewide or nationwide enforcement of a state or federal law including a rule, regulation, policy, or order of the executive branch or a state or federal agency, whether by declaratory judgment and/or any form of injunctive relief.

**ARBITRATION CERTIFICATION (CHECK ONLY ONE BOX BELOW)**

I certify that, to the best of my knowledge and belief:

☒ Pursuant to Local Civil Rule 53.2(3), this case is not eligible for arbitration either because (1) it seeks relief other than money damages; (2) the money damages sought are in excess of $150,000 exclusive of interest and costs; (3) it is a social security case, includes a prisoner as a party, or alleges a violation of a right secured by the U.S. Constitution, or (4) jurisdiction is based in whole or in part on 28 U.S.C. § 1343.

☐ None of the restrictions in Local Civil Rule 53.2 apply and this case is eligible for arbitration.

NOTE: A trial de novo will be by jury only if there has been compliance with F.R.C.P. 38.

JS 44 (Rev. 04/21)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

**I. (a) PLAINTIFFS**
SANTIAGO, NICHOLAS M.

**(b)** County of Residence of First Listed Plaintiff: Philadelphia
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Ari R. Karpf, Esq.; Karpf, Karpf & Cerutti, P.C., 8 Interplex Drive, Suite 210, Feasterville-Trevose, PA 19053; 215-639-0801; akarpf@karpf-law.com

**DEFENDANTS**
SEVEN SEAS INTERNATIONAL, LLC, ET AL.

County of Residence of First Listed Defendant: Philadelphia
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* *(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

**CONTRACT**
☐ 110 Insurance; ☐ 120 Marine; ☐ 130 Miller Act; ☐ 140 Negotiable Instrument; ☐ 150 Recovery of Overpayment & Enforcement of Judgment; ☐ 151 Medicare Act; ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans); ☐ 153 Recovery of Overpayment of Veteran's Benefits; ☐ 160 Stockholders' Suits; ☐ 190 Other Contract; ☐ 195 Contract Product Liability; ☐ 196 Franchise

**REAL PROPERTY**
☐ 210 Land Condemnation; ☐ 220 Foreclosure; ☐ 230 Rent Lease & Ejectment; ☐ 240 Torts to Land; ☐ 245 Tort Product Liability; ☐ 290 All Other Real Property

**TORTS — PERSONAL INJURY**
☐ 310 Airplane; ☐ 315 Airplane Product Liability; ☐ 320 Assault, Libel & Slander; ☐ 330 Federal Employers' Liability; ☐ 340 Marine; ☐ 345 Marine Product Liability; ☐ 350 Motor Vehicle; ☐ 355 Motor Vehicle Product Liability; ☐ 360 Other Personal Injury; ☐ 362 Personal Injury - Medical Malpractice

**PERSONAL INJURY**
☐ 365 Personal Injury - Product Liability; ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability; ☐ 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
☐ 370 Other Fraud; ☐ 371 Truth in Lending; ☐ 380 Other Personal Property Damage; ☐ 385 Property Damage Product Liability

**CIVIL RIGHTS**
☐ 440 Other Civil Rights; ☐ 441 Voting; ☐ 442 Employment; ☐ 443 Housing/ Accommodations; ☒ 445 Amer. w/Disabilities - mployment; ☐ 446 Amer. w/Disabilities - Other; ☐ 448 Education

**PRISONER PETITIONS**
Habeas Corpus: ☐ 463 Alien Detainee; ☐ 510 Motions to Vacate Sentence; ☐ 530 General; ☐ 535 Death Penalty
Other: ☐ 540 Mandamus & Other; ☐ 550 Civil Rights; ☐ 555 Prison Condition; ☐ 560 Civil Detainee - Conditions of Confinement

**FORFEITURE/PENALTY**
☐ 625 Drug Related Seizure of Property 21 USC 881; ☐ 690 Other

**LABOR**
☐ 710 Fair Labor Standards Act; ☐ 720 Labor/Management Relations; ☐ 740 Railway Labor Act; ☐ 751 Family and Medical Leave Act; ☐ 790 Other Labor Litigation; ☐ 791 Employee Retirement Income Security Act

**IMMIGRATION**
☐ 462 Naturalization Application; ☐ 465 Other Immigration Actions

**BANKRUPTCY**
☐ 422 Appeal 28 USC 158; ☐ 423 Withdrawal 28 USC 157

**INTELLECTUAL PROPERTY RIGHTS**
☐ 820 Copyrights; ☐ 830 Patent; ☐ 835 Patent - Abbreviated New Drug Application; ☐ 840 Trademark; ☐ 880 Defend Trade Secrets Act of 2016

**SOCIAL SECURITY**
☐ 861 HIA (1395ff); ☐ 862 Black Lung (923); ☐ 863 DIWC/DIWW (405(g)); ☐ 864 SSID Title XVI; ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
☐ 870 Taxes (U.S. Plaintiff or Defendant); ☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
☐ 375 False Claims Act; ☐ 376 Qui Tam (31 USC 3729(a)); ☐ 400 State Reapportionment; ☐ 410 Antitrust; ☐ 430 Banks and Banking; ☐ 450 Commerce; ☐ 460 Deportation; ☐ 470 Racketeer Influenced and Corrupt Organizations; ☐ 480 Consumer Credit (15 USC 1681 or 1692); ☐ 485 Telephone Consumer Protection Act; ☐ 490 Cable/Sat TV; ☐ 850 Securities/Commodities/ Exchange; ☐ 890 Other Statutory Actions; ☐ 891 Agricultural Acts; ☐ 893 Environmental Matters; ☐ 895 Freedom of Information Act; ☐ 896 Arbitration; ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision; ☐ 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*

☒ 1 Original Proceeding; ☐ 2 Removed from State Court; ☐ 3 Remanded from Appellate Court; ☐ 4 Reinstated or Reopened; ☐ 5 Transferred from Another District *(specify)*; ☐ 6 Multidistrict Litigation - Transfer; ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*: ADA (42USC12101)

Brief description of cause: Violations of the ADA and the PFPO.

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
DEMAND $
CHECK YES only if demanded in complaint: JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):* JUDGE ______ DOCKET NUMBER ______

DATE 11/2/2026 SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # ______ AMOUNT ______ APPLYING IFP ______ JUDGE ______ MAG. JUDGE ______